IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| KENNETH DON BAILEY and | § | |
| LINDA BAILEY, | § | |
| | § | |
| Defendants, | § | No. 3:11-cv-194-O-BN |
| | § | |
| AND | § | |
| | § | |
| AUSTIN BANK, ET AL., | § | |
| | § | |
| Garnishees. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial

management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District

Court. *See* Dkt. No. 18. The undersigned magistrate judge issues the following findings

of fact, conclusions of law, and recommendation.

Before the Court is the United States' Motion for Final Order of Garnishment,

pursuant to 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act of 1990,

against Defendants Kenneth Don Bailey and Linda Sue Bailey. *See* Dkt. No. 37.

Defendants have not filed a response in opposition to this motion.

Plaintiff United States of America filed an Application for Writs of Garnishment

seeking substantial nonexempt property belonging to or due Defendants held by Austin

Bank, AXA Equitable Life Insurance Co., John Hancock Life Insurance Co. (U.S.A.), Hartford Life and Annuity Insurance Co., Woodmen Insurance Agency, Inc., and Woodman of the World Life Insurance Society.

Pursuant to the writs, Austin Bank, Hartford Life and Annuity Insurance Co., and Woodman of the World Life Insurance Society answered that they hold property for Defendants.  The remainder of the garnishees, however, answered that they do not hold any such property. Defendants were properly served with the writs and notified of their rights, but they did not appear in this case.

After consideration, the undersigned recommends that the United States' Motion for Final Order of Garnishment [Dkt. No. 37] be granted.

The undersigned recommends that the writs of garnishment issued to AXA Equitable Life Insurance Co., John Hancock Life Insurance Co. (U.S.A.), and Woodmen Insurance Agency, Inc. be quashed without prejudice.

Austin Bank, Hartford Life and Annuity Insurance Co., and Woodman of the World Life Insurance Society and their affiliates, successors, or assigns should pay to the United States within 15 days from the date of any order adopting these findings, conclusions and recommendation the property that they have in their possession, custody, or control belonging to or due Defendants, including property coming into their possession, custody, or control from the dates that they were served with the writs, up to the amount of the debt owed by Defendants.

Austin Bank, Hartford Life and Annuity Insurance Co., and Woodman of the World Life Insurance Society should provide written notification to Defendants and to

Plaintiff of the dates, sources, and amounts of property delivered to the United States District Clerk after any order adopting these findings, conclusions, and recommendation.

The property should be applied to the judgments rendered in case numbers 3:08-CR-002-01 and 3:08-CR-002-02 against Defendants. Computation of the debts owed by Defendants to the United States is:

| | |
|---|---|
| $1,509,434.28 | Judgment amount |
| ($   11,127.77) | Credits applied to Judgment |
| $1,498,306.51 | Debt balance as of June 20, 2013 |

Certified checks bearing case numbers 3:08-CR-002-01 and 3:08-CR-002-02 shall be made payable and mailed to the United States District Clerk, 1100 Commerce Street, Room 1452, Dallas, TX 75242.

Upon any order adopting these findings, conclusions, and recommendation, the Clerk of the Court shall deliver copies of the final order to the following:

Glenn D. Phillips
Phillips & Watson, LLP
1003 Stone Road
Kilgore, TX  75662
*Attorney for Austin Bank*

AXA Equitable Life Insurance Co.
Tammy Blume
Senior Legal Assistant
100 Madison Street
Syracuse, NY  13202
*Garnishee*

John Hancock Life Insurance Co. (U.S.A.)
William A. Gottlieb

Assistant Vice President and Senior Counsel
197 Clarendon Street
Boston, MA  02117
*Garnishee*

Hartford Life and Annuity Insurance Co.
Justin Marino
Service Consultant/Legal Liaison
1 Griffin Road N.
Windsor, CT  06095
*Garnishee*

Woodmen Insurance Agency, Inc.
William J. Maniford, Jr.
President
1700 Farnam Street
Omaha, NE  68102
*Garnishee*

Woodmen of the World Life Insurance Society
S. James Patterson
Assistant Vice President and
Associate General Counsel
1700 Farnam Street
Omaha, NE  68102
*Garnishee*

Kenneth Don Bailey
P.O. Box 54
Jacksonville, TX  75766
*Defendant*

Linda Sue Bailey
P.O. Box 54
Jacksonville, TX  75766
*Defendant*

Megan J. Fahey
Assistant United States Attorney
Burnett Plaza Suite 1700
801 Cherry Street Unit 4
Fort Worth, TX  76102-6882
*Plaintiff*

**Recommendation**

Plaintiff United States of America's Motion for Final Order of Garnishment [Dkt. No. 37] should be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 15, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE